# No. 22-30168

In The United States Court of Appeals
For The Fifth Circuit

_____

**KHOLKAR VISHVESHWAR GANPAT,**

*Plaintiff - Appellee*

v.

**EASTERN PACIFIC SHIPPING PTE, LIMITED,
DOING BUSINESS AS EPS,**

*Defendant – Appellant*

_____

Interlocutory Appeal of Injunction of the United States District Court for the Eastern District of Louisiana; Case No. 2:18-cv-13556

_____

**DEFENDANT-APPELLANT PETITION FOR
PANEL REHEARING**

_____

**WAGNER, BAGOT & RAYER, LLP**
Michael H. Bagot, Jr. (#2665)
Thomas A. Rayer, Jr. (#20581)
Pan American Life Center – Suite 1660
601 Poydras Street
New Orleans, Louisiana  70130
(504) 525-2141 (Phone)
(504) 523-1587 (Fax)

**SIMMS SHOWERS, LLP**
J. Stephen Simms
201 International Circle
Suite 230
Baltimore, Maryland 21030
(410) 783-5795 (Phone)
(410) 510-1789 (Fax)

Eastern Pacific Shipping Pte. Ltd. ("EPS") respectfully petitions the Panel pursuant to Fed. R. App. P. 40 and 5th Cir. R. 40 for rehearing.[1]  Circuit Judge Jones' dissent details the April 28, 2023 errors of fact and law.  EPS brings this petition to the Panel respectfully requesting that the Panel on rehearing,[2] correct the errors of fact and law that the dissent details, and in particular without limitation the following:

1. **EPS did not "evade service":**   The Panel is in error on the record. The District Court's detailed, 27 page opinion [Dkt. 122, Jan. 17, 2020] grants EPS' Motion to Dismiss for Insufficient Service of Process pursuant to Federal Rule of

---

[1]  "Alleged errors . . . in the facts of the case . . . or error asserted in the misapplication of correct precedent to the facts of the case, are matters for panel rehearing . . . ."  *Gonzalez v. S. Pac. Transp. Co.*, 773 F.2d 637, 641 (5th Cir. 1985).

Fed. R. App. Proc. 40(a)(2) Contents. The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition. Oral argument is not permitted.

5TH CIR. R. 40 PETITION FOR REHEARING, 40.2

Limited Nature of Petition for Panel Rehearing. A petition for rehearing is intended to bring to the attention of the panel claimed errors of fact or law in the opinion.  It is not used for reargument of the issue previously presented or to attack the court's well settled summary calendar procedures. Petitions for rehearing of panel decisions are reviewed by panel members only.

[2]  EPS contemporaneously files its Petition for Rehearing *en banc* and has with that Petition, pursuant to this Court's Rules, submitted a copy of the Panel's opinion.

Civil Procedure 12(b)(5). The District Court afterwards multiple times extended plaintiff's time to serve EPS. After the District Court's decision, plaintiff Mr. Ganpat, pursuant to Fed. R. Civ. P. 4 obtained from the District Court a Letter Rogatory to the Supreme Court of Singapore [Dkt. 130, Jan. 27, 2020]. With the Letter Rogatory unserved, plaintiff in April, 2021 personally served EPS in Singapore and the District Court [Dkt. 196, Aug. 10, 2021] confirmed that service to be sufficient.

Fed. R. Civ. P. 4 and 12(b)(5) make plain that plaintiff had to make proper service on EPS. EPS did not evade service; no foreign defendant is required to voluntarily accept service of process and waive its rights under Fed. R. Civ. P. 4 and 12(b)(5). Plaintiff – as the District Court's opinions detail – failed to properly serve process until the District Court confirmed that August 10, 2021.

**2.      EPS did not generally "Appear" Until the District Court held that there was proper process service**: The Panel opinion further factually errs, overlooking that EPS to August 10, 2021 expressly noted its limited appearance [Dkt. 4, Jan. 4, 2019] to preliminary defense pursuant to Fed. R. Civ. P 12(b)(5) and initially 12(b)(2). *Familia De Boom v. Arosa Mercantil*, S.A., 629 F.2d 1134, 1140 (5th Cir. 1980)("Although service of process and personal jurisdiction may be waived by a party, we cannot find waiver by the defendants here. There is no waiver so long as the defendants expressly limited their appearance to the

determination of those very issues."). The statement that EPS "appeared" – implying that it generally appeared and thereby waived EPS' right under the Federal Rules to proper service, is wrong.

3. **Waiver of the Fed. R. Civ. P. 12(b)(2) Personal Jurisdiction Defense Does not Require Waiver of the Right to Process Service Complying with the Federal Rules**: The majority in error insists that because EPS decided not to press its 12(b)(2) defense, EPS had to accept service which plaintiff failed to properly make. This is a plain misreading of the Federal Rules which the Panel should correct.

4. **Mr. Ganpat Refused the Indian Court Appointed Attorney and Failed to Appear, including with Counsel, In Contempt of the Goa Court's Orders**: As the dissent states, Mr. Ganpat admits that after the Goa Court entered its injunction, he evaded service and the Court held him in contempt. Mr. Ganpat refused the India Court-appointed lawyer and refused to respect the Goa Court's Order. The majority opinion in error does not state, that Mr. Ganpat's U.S. lawyers paid for a lawyer for Mr. Ganpat and that with that lawyer, the Goa case proceeded – until the U.S. District Court enjoined EPS many months later.

The majority's equally significant error is its overlooking that Mr. Ganpat did have lawyers – in the U.S., and the majority makes much of the fact that Mr. Ganpat, with those lawyers, filed his U.S. suit more than a year before the Goa

injunction. The Goa injunction was no mystery either to Mr. Ganpat, or his U.S. lawyers – who as the dissent correctly notes, then paid for Mr. Ganpat's Goa lawyers. There is no fair question that Mr. Ganpat's U.S. lawyers, long-involved with him, were directly aware of the Goa proceedings because, of course, they not only moved to enjoin the Goa Court but also transmitted details of it to the District Court.

Long before Mr. Ganpat finally appeared before the Goa Court, Mr. Ganpat's U.S. lawyers (Dkt. 148, June 20, 2020) demand a status conference with the District Court, writing:

> This conference is requested because Mr. Kholkar has reported continued contacts by persons attempting to swerve Indian court papers on him, which he believes would hold him in contempt of an ex parte Indian court injunction intended to force him to abandon his U.S. Jones Act claim and force him to accept a "low ball" foreign settlement, all under threat of contempt of court in India.
>
> These matters are serious issue and deserve this Court's immediate attention.

Mr. Ganpat's lawyers continued to press the District Court in July and after, 2020 concerning the Goa proceedings [Dkt. 157, July 14, 2020]; EPS fully advised the District Court about them in response [Dkt. 162, July 15, 2020 with exhibits]; the District Court in response [Dkt. 170, Order] declined to expedite or enter an injunction – properly because the plaintiff had failed to serve EPS with process as the Federal Rules require.

But for the majority to state that Mr. Ganpat was unrepresented, un-advised and alone at the Goa hearing finally appeared for, is error which the Panel should correct on rehearing.

5. **<u>Gabon Was Not the STARGATE's "Next Stop" after Savannah – Colombia Was</u>**:  The majority in further factual error overlooks that the STARGATE sailed to Columbia after Savannah, and then began its separate voyage from Columbia to Gabon.  This is a critical error given the plaintiff's attempt to tie his injury to Savannah and thus to the U.S.: the voyage of his injury was not from Savannah to Gabon, it was from Columbia to Gabon.

6. **<u>The Issues in the Goa Litigation and U.S. Are Not the Same</u>**:  As the dissent correctly points out, plaintiff could not bring his U.S. Jones Act claims in the Goa Court nor were they the subject of EPS' – and EPS India's – suit against plaintiff there.  The majority should correct this fundamental legal error on rehearing.

7. **<u>EPS' Indian Lawyer did not "Lie" to the Goa Judge</u>**:  The record, which EPS presented in its opening brief to this Court, includes the following:

> He testified that he was told "three or four times" to "sign a bond" or "take a bail" or "hire a lawyer" and that he refused. ROA.5085. Mr. Ganpat testified that the judge got "a little angry" that he was "not listening to her" and said that if he was "not doing any of these things" then she was "going to send" him "to jail." *Id*.

EPS Opening Brief, at 43. The majority opinion supporting that EPS' lawyer "lied" cites to the District Court's opinion, but the word (or decision) that there was any "lie" is not in the District Court's opinion. Likewise the majority in error states (citing to page 3 of the District Court opinion, which provides no support for the statement) that the Goa proceeding was "procedurally stacked" against Mr. Ganpat and the testimony of that was "uncontradicted." There was no such District Court finding; in fact as the dissent correctly notes, once Mr. Ganpat appeared with his paid for ( by his long-aware U.S. counsel) Indian lawyer, the Goa proceedings continued (again until enjoined by the District Court). There was no procedural "stacking" – Mr. Ganpat admittedly was in contempt of the Goa Court

8. **<u>Mr. Ganpat was found in contempt and jailed because he refused the Goa Court's orders to obtain a lawyer – post a bond – or dismiss the U.S. suit</u>**: The majority also is in direct error stating that Mr. Ganpat's only choice was to dismiss the U.S. suit or go to jail. That is clear error: of course, once Mr. Ganpat appeared with his U.S. –paid Indian lawyers, he was no longer in contempt. His U.S. suit despite the ongoing Goa injunction continued and he was not jailed. This not only confirms the due process of the Goa Court, but also the majority's error. If the majority is correct, and it is not, Mr. Ganpat would still ( at least until the U.S. District Court ordered EPS to dismiss the Goa suit) be in jail in India.

This Court should correct these, and the further factual and legal errors that Circuit Judge Jones details in the dissent, on Fed. R. App. P. 40 rehearing.

Respectfully submitted,

| WAGNER, BAGOT & RAYER, LLP | |
|---|---|
| Michael H. Bagot, Jr. (#2665)<br>Thomas A. Rayer, Jr. (#20581)<br>Pan American Life Center – Suite 1660<br>601 Poydras Street<br>New Orleans, Louisiana 70130<br>(504) 525-2141 (Phone)<br>(504) 523-1587 (Fax) | /s/ J. Stephen Simms<br>J. Stephen Simms<br>jssimms@simmsshowers.com<br>Simms Showers LLP<br>201 International Circle, Suite 230<br>Baltimore, Maryland 21030<br>(410) 783-5795 (Phone)<br>(410) 510-1789 (Fax) |

Counsel for Petitioner Eastern Pacific Shipping Pte., Ltd.

### CERTIFICATE OF SERVICE

I certify that on May 12, 2023, pursuant to Federal Rule Appellate Procedure 25, the undersigned counsel electronically filed the foregoing and electronically served it on all counsel of record.

/s/ J. Stephen Simms
J. Stephen Simms

### RULE 32(A)(7) CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

This brief contains 1551 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

      2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in a proportionally spaced typeface using Word software Times New Roman 14-point font in the text and Times New Roman 12-point in the footnotes.

<u>/s/ J. Stephen Simms</u><br>
J. Stephen Simms

Dated:    May 12, 2022